UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Wesley J. Crawford,                                              Civil No. 11-0641 (MJD/JJG)

        Petitioner,

v.                                                                              REPORT AND RECOMMENDATION

Scott P. Fisher,

        Respondent.
_____

JEANNE J. GRAHAM, United States Magistrate Judge

    This case is before the undersigned United States Magistrate Judge on Wesley J. Crawford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court recommends that the petition be denied because Petitioner failed to exhaust his administrative remedies and his habeas claim is procedurally defaulted.

**I.    INTRODUCTION**

    Petitioner Wesley J. Crawford is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone"), serving a 240-month sentence imposed after a conviction for Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841, and Aiding and Abetting, in violation of 18 U.S.C. § 2. His projected release date is July 21, 2018.

Petitioner was previously incarcerated at a facility in Three Rivers, Texas. While there, Petitioner was subject to Bureau of Prisons ("BOP") disciplinary proceedings for an incident that occurred on June 30, 2010. A staff member saw Petitioner with a cell phone in his hand and wrote an incident report charging Petitioner with Possession of a Hazardous Tool (Cell Phone) and Refusing to Obey an Order. Petitioner received a copy of the report, and the matter was referred for a disciplinary hearing, which occurred on August 5, 2010, before a discipline hearing officer (DHO).

After considering the evidence presented at the hearing, the DHO issued a written report containing his findings, reasoning, and sanctions. The DHO found that Petitioner had possessed a hazardous tool and failed to obey an order. The DHO sanctioned Petitioner to a disallowance of 54 days good conduct time (GCT), forfeiture of 21 days non-vested GCT, disciplinary segregation for 75 days, loss of commissary privileges for 180 days, loss of visiting privileges for 365 days, loss of telephone privileges for 180 days, and a recommendation for a disciplinary transfer. Petitioner was given a copy of the report and advised of his appeal rights.

On August 16, 2010, Petitioner filed an appeal with the Regional Office. The appeal was denied on October 21, 2010. Next, Petitioner filed an appeal to the Central Office, which was received on December 6, 2010. The Central Office rejected Petitioner's appeal because it was untimely and because Petitioner failed to provide a copy of the Regional Office appeal and response. Petitioner was advised to resubmit his appeal in the proper format and to provide staff verification on BOP letterhead that the untimely filing was not Petitioner's fault. Petitioner resubmitted his appeal to the Central Office on January 25, 2011. The Central Office rejected the attempted filing and advised Petitioner to resubmit the appeal in a legible and proper format. Petitioner did not resubmit his appeal to the Central Office. Instead, on March 11, 2011,

Petitioner filed the present habeas petition. He requests expungement of the disciplinary hearing charges, restoration of all disallowed GCT and forfeited non-vested GCT, restoration of his minimum security custody classification, and an immediate transfer to a Federal Prison Camp in Texas.

## II. DISCUSSION

Federal prisoners pursuing federal habeas corpus relief under 28 U.S.C. § 2241 generally must exhaust all available administrative remedies prior to seeking judicial review. *See, e.g., Mathena v. United States,* 577 F.3d 943, 946 (8th Cir. 2009) (affirming dismissal of prisoner's § 2241 petition without prejudice for failure to exhaust administrative remedies within the BOP). The exhaustion requirement may be waived, however, if the administrative remedy process would be futile and serve no useful purpose. *See Elwood v. Jeter,* 386 F.3d 842, 844 n. 1 (8th Cir. 2004) (exhaustion requirement waived based on government's concession that "continued use of the [administrative] grievance procedure to contest the validity of the BOP's new policy would be futile.").

If a habeas petitioner fails to pursue his administrative remedies in a proper and timely manner, so that prison officials do not consider the merits of his claims, he has procedurally defaulted, and is therefore barred from seeking federal habeas relief. *See Hach v. Anderson,* 191 F. App'x 511, 512 (8th Cir. 2006) (affirming district court's decision that petitioner had procedurally defaulted "by not timely exhausting his administrative remedies"); *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 633-34 (2d Cir. 2001) (denying prisoner's § 2241 claims as procedurally defaulted because he "did not fully pursue the appropriate administrative channels within the federal Bureau of Prisons following the disciplinary hearing"); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996) (finding prisoner's claim procedurally

defaulted because his final BOP appeal was untimely); *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir. 1990) (finding procedural default where prisoner did not appeal warden's decision, and deadline for such appeal expired before habeas petition was filed); *Sanchez v. Miller,* 792 F.2d 694, 697-99 (7th Cir. 1986) (finding prisoner's claim procedurally defaulted where prisoner did not complete administrative appeal process before seeking habeas relief, and the deadline for completing that process expired before habeas petition was adjudicated), *cert. denied,* 479 U.S. 1056 (1987).

Procedurally defaulted claims will not be entertained in federal court, unless the prisoner is able to show "cause" for the default and that actual prejudice will result if his claims are procedurally barred. *Moscato,* 98 F.3d at 761; *see also Carmona,* 243 F.3d at 634; *Francis,* 894 F.2d at 355 n.2; *Sanchez,* 792 F.2d at 697-99. A petitioner must show that some "external impediment" prevented him from exhausting his administrative remedies in a proper and timely manner, to satisfy the "cause" requirement. *Moscato,* 98 F.3d at 762 (petitioner could not satisfy cause requirement where he failed "to allege the existence of an external impediment," or that "anything other than [his own] dilatoriness caused the [administrative] appeal to be filed late"). For example, a petitioner may show "cause" by making "a showing that the factual or legal basis for a claim was not reasonably available . . . or that some interference by officials made compliance impracticable." *Coleman v. Thompson,* 501 U.S. 722, 753 (1991) (emphasis in original) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).

A three-tiered administrative-remedy structure has been established for federal inmates to seek review of grievances. *See* 28 C.F.R. § 542.10. First, an inmate must pursue informal resolution of the grievance with prison staff. 28 C.F.R. § 542.13. Second, if the inmate is dissatisfied with the decision of the prison warden, he may appeal to the Regional Director at the

Regional Office. 28 C.F.R. § 542.15. Third, if the inmate is dissatisfied with the Regional Director's decision, he may appeal to the General Counsel at the BOP Central Office. *Id.* After the Office of General Counsel responds or fails to respond within the allotted time, the inmate has exhausted his administrative remedies. 28 C.F.R. §§ 542.15, 542.18.

An inmate's initial appeal of a DHO decision is to be filed directly with the Regional Director within twenty calendar days from the date the inmate receives written notice of the decision. 28 C.F.R. §§ 541.19, 542.14(d)(2). An appeal may be rejected at any point if it does not meet any procedural requirement. 28 C.F.R. § 542.17(a). When an appeal is rejected, the inmate may appeal to the next level, unless the inmate is given an opportunity to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(c).

Here, Petitioner filed his initial appeal to the Regional Director, and it was denied. Next, Petitioner appealed to the General Counsel at the BOP's Central Office. The appeal was rejected as untimely and because Petitioner failed to attach a copy of the Regional Office appeal and response. The Central Office allowed Petitioner to correct and resubmit his appeal within fifteen days of the rejection notice. Petitioner resubmitted his appeal, but it was rejected a second time as illegible. Again, Petitioner was allowed to correct and resubmit his appeal within fifteen days. However, Petitioner did not resubmit his appeal, but filed his habeas petition instead.

When the Central Office rejected Petitioner's appeal and gave him time to correct and resubmit his appeal, the Central Office did not render a decision on the appeal. The Central Office was unable to review the merits because Petitioner did not include the Regional Office appeal and response. Petitioner's resubmitted appeal to the Central Office could not be reviewed on the merits because it was not legible. Petitioner failed to resubmit his appeal as instructed. Therefore, Petitioner did not exhaust his administrative remedies, and his claim is procedurally

defaulted. Although he was given time to resubmit his appeal, he failed to do so, and the Central Office did not render a decision.

Petitioner has not met the "cause" requirement to excuse his procedural default, because he has not shown, nor does it appear anywhere in the record, that there was an "external impediment," which prevented him from properly and timely exhausting his administrative remedies. As Petitioner has not established "cause," the Court need not reach the question of actual prejudice. The Court is barred from reviewing his habeas petition on the merits. *See Moscato*, 98 F.3d at 762.

## III.   RECOMMENDATION

Petitioner has failed to exhaust his administrative remedies, and his habeas claim is procedurally defaulted. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) be **DENIED** and that **JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 5, 2012

  s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 23, 2012**. Any party may respond to the objections within fourteen days after service thereof.  Any objections or responses shall not exceed 3,500 words.  The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.