UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESLEY J. CRAWFORD,

       Petitioner,

v.                             **ORDER**
                              Civil File No. 11-641 (MJD/JJG)

SCOTT P. FISHER,

       Respondent.

Wesley J. Crawford, pro se.

Gregory G. Brooker and Mary J. Madigan, Assistant United States Attorneys, Counsel for Respondent.

      This matter is before the Court on Petitioner Wesley J. Crawford's Motion for Judgment as a Matter of Law in Accordance with Federal Rule of Civil Procedure 50(b) and 59 Pursuant to Title 28 U.S.C. § 2241.  [Docket No. 22]

      Crawford is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, serving a 240-month sentence imposed after a conviction in the Western District of Texas for Possession with Intent to Distribute 50 Grams or More of Cocaine Base.  His conviction was affirmed in 2003 by the Fifth Circuit Court of Appeals.  See United States v. Crawford, 81

Fed. Appx. 480 (5th Cir. 2003).  While incarcerated at a facility in Three Rivers, Texas, Crawford was subject to Bureau of Prisons disciplinary proceedings for an incident that occurred on June 30, 2010.

On March 11, 2011, while incarcerated at FCI Sandstone, Crawford filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this Court, requesting expungement of the disciplinary hearing charges, restoration of disallowed good conduct time and forfeited non-vested good conduct time, restoration of his minimum security custody classification, and an immediate transfer to a Federal Prison Camp in Texas.  His claims went solely to the execution of his sentence, the proper subject of a § 2241 habeas petition filed in the district in which the sentence is being carried out.  See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

On February 13, 2012, this Court adopted the Report and Recommendation of United States Magistrate Judge Jeanne J. Graham dated January 5, 2012, and denied Crawford's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Judgment was entered on February 13, 2012.  Crawford's case in this Court is now closed.

On February 27, 2010, Crawford filed a Motion for Judgment as a Matter of Law in Accordance with Federal Rule of Civil Procedure 50(b) and 59 Pursuant to Title 28 U.S.C. § 2241.  In this motion, Crawford asserts that his underlying criminal conviction was void, and, therefore, judgment should be entered in his favor in this § 2241 proceeding.  Crawford's current motion is a collateral attack on his underlying conviction from the Western District of Texas.  The proper avenue for an attack on the validity of a federal conviction or sentence is a § 2255 habeas petition filed in the district of the convicting and sentencing court.  Matheny, 307 F.3d at 711.  There is an exception to this rule if the petitioner can demonstrate that § 2255 would be "inadequate or ineffective," which requires more than showing that such a remedy is time barred or that the claim was previously raised in a § 2255 motion and denied.  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004).  Petitioner has not demonstrated that a § 2255 petition, properly filed in the Western District of Texas, would be inadequate or ineffective.  In fact, the docket from that District demonstrates that Crawford has filed multiple § 2255 petitions, which have been considered by that court.  Therefore, this Court does not have jurisdiction over Crawford's attack on the

validity of his underlying conviction contained in Crawford's Motion for

Judgment as a Matter of Law.

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

The Court **DENIES** Petitioner's Motion for Judgment as a Matter of Law [Docket No. 22].

Dated:   April 19, 2012                    s/ Michael J. Davis
                                                                         Michael J. Davis
                                                                         Chief Judge
                                                                         United States District Court